DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of divorce and distribution of property issued by the Lucas County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm.
 {¶ 2} Appellant, Deepa H. Dasani, and appellee, Haridas M. Dasani,[1] were married in 1985. The couple had two children, one of whom is now emancipated. Appellee is a physician. Appellant is working on a master's degree in community counseling.
 {¶ 3} On June 23, 2003, appellant sued for divorce, alleging, inter alia, the couple's incompatibility. Appellee eventually agreed to the divorce on the grounds of incompatibility.
 {¶ 4} During the marriage, the parties amassed substantial assets. Most of the 20 page final decree is concerned with the disposition of these assets. Only two of these are at issue here: a $242,200 loan from appellee to an Indian corporation, Versay, Ltd., and a $7,579.57 brokerage account with A.G. Edwards Sons, Inc.
 {¶ 5} In its final judgment, the court ordered that the funds from the repayment of the Versay loan be divided equally between the parties. No reference to the Edwards accounts was made.
 {¶ 6} From this judgment, appellant now brings this appeal. Appellant sets forth the following two assignments of error:
 {¶ 7} "1. The trial court erred as a matter of law and committed prejudicial error by failing to establish a specific date for [appellant] to receive the sum of $121,100.00, or in the alternative, the trial court should have ordered [appellee] to pay [appellant] the sum of $121,100.00, from other assets awarded to the [appellee].
 {¶ 8} "2. The trial court erred as a matter of law and committed prejudicial error by failing to divide equally, the marital property known as the A.G. Edwards Sons, Inc. brokerage account valued at $7,579.57, in its property division award pursuant to R.C. 3105.171(C)(1)."
 {¶ 9} A trial court is vested with broad discretion in fashioning a property division in a divorce. Berish v. Berish (1982),69 Ohio St.2d 318, 319. On appeal, its decision will not be disturbed absent an abuse of that discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. An abuse of discretion is more than a mistake of judgment or an error of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 I. Versay Loan {¶ 10} In her first assignment of error, appellant suggests that the trial court erred in failing to set a date certain upon which she would receive the $121,100 awarded her from appellee's business loan to Versay Limited. Alternatively, appellant suggests the court should have awarded her that sum from other assets and permitted appellee to maintain the entire receivable.
 {¶ 11} All we know of the Versay loan is derived from documents submitted into evidence. Although a four day hearing was held in this matter, the parties have submitted a transcript for only that portion of the trial in which exhibits were admitted. When portions of transcripts necessary for the resolution of an assignment of error are omitted from the record, we must assume the regularity of the proceedings in the trial court and overrule any assigned error. Crane v. Perry County Boardof Elections, 107 Ohio St.3d 287, 293, 2005-Ohio-6509, at ¶ 37, citingKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 12} In this matter, appellant insists the trial court erred as a matter of law by failing to set a date certain for appellant's receipt of her share of the Versay receivable. Such failure, according to appellant, "for all practical purposes," fails to divide the marital property equally as required by R.C. 3105.171(B), (C)(1), and (F). In support of this, appellant cites McCarroll v. McCarroll (Mar. 6, 1992), 2nd Dist. No. 12769, and Kandel v. Kandel (Mar. 17, 1997), 5th Dist. No. 96-080061, for the proposition that a loans receivable should be awarded to the party who made the loan.
 {¶ 13} The cases appellant cites simply do not stand for the proposition for which she asserts. McCarroll concerned the valuation and division of marital property, which coincidentally included certain "loan proceeds" awarded in property division to the party who had made the loans. There is no language in the case which could be construed as mandating such a division. Kandel dealt with the traceability of marital assets, including a premarital loan which was repaid during the marriage. This case is simply inapposite to the present matter.
 {¶ 14} Absent a legal imperative that loan proceeds must be directed to the party who made the loan, we are left with the trial court's discretionary consideration of this loan and these parties. Appellant argues that the evidence showed that the sum of $242,200 should have been paid to appellee on October 30, 2005. In the record we find correspondence between the appellee and third parties that confirm a loan of £ 173,364 to Versay Limited; that £ 173,364 had been credited to an unspecified account. In correspondence dated October 30, 2002, appellee asked that an agreement for a loan to Versay Limited for £ 173,364 be prepared, with no interest and for a period of three years. The record also includes a formula to convert U. S. Dollars to British Pounds on July 27, 2004. Absent from the evidence is a loan agreement between Versay and appellee, or confirmation of such agreement and its pertinent terms. The transcript submitted does not contain any testimony that might have been given associated with this loan.
 {¶ 15} In this context, we must presume the regularity of the proceedings. Accordingly, appellant's first assignment of error is not well-taken.
 II. Brokerage Account {¶ 16} In her second assignment of error, appellant complains that the trial court erred in failing to evenly divide a brokerage account worth $7,579.97. Evidence of such account was uncontroverted, appellant insists, and the account should have been divided. Again, without a transcript of the trial, we have no way of knowing whether the existence of this account was in controversy or not. True: an A.G. Edwards balance report admitted into evidence reveals a $7,579.97 account balance as of July 25, 2003. However, appellee suggests that, by the time of the trial, he had closed the account and used the funds to pay tuition for the parties' child.
 {¶ 17} Again, we are not permitted to speculate. Absent a transcript of the trial, we must presume the regularity of the proceedings and affirm the trial court. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 18} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, P.J., William J. Skow, J., CONCUR.
This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.
[1] Haridas Dasani was the original appellant in this matter. He has since dismissed his appeal, leaving only Deepa Dasani's cross-appeal. For purposes of clarity, we have designated Deepa Dasani appellant herein.